**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

SAHAR Y. NASIR                                                                                          CASE NO. 13-51910

DEBTOR

OHIO VALLEY WHOLESALE                                                                       PLAINTIFF
DISTRIBUTORS, INC., now H.T.
HACKNEY COMPANY

v.                                                                                                          ADVERSARY NO.  13-5041

SAHAR YASMEEN NASIR                                                                             DEFENDANT

**MEMORANDUM OPINION**

This matter having become before the Court on Plaintiff's Motion for Summary Judgment [Doc. 6], and the Court having reviewed the record, and being otherwise sufficiently advised, the Court finds that there are no issues of material fact, and that Plaintiff is entitled to judgment as a matter of law.

The Court has jurisdiction herein pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. § 1409 and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2) (I).

The final judgment of the Boyd Circuit Court as to the fraud of Defendant is binding on this Court and collateral estoppels bars the Defendant from re-litigating the fraud issue in this nondischargeability proceeding brought by Plaintiff under Section 523(a)(2). 11 U.S.C. § 523(a)(2)(A); In re Bursack, 65 F.3d 51 (6th Cir. 1995).   In rendering its judgment, the state court expressly found that the Defendant committed fraud with an intent to defraud the Plaintiff.  The elements necessary to prove fraud under Kentucky law are the same as those required under  § 523(a)(2).  Compare Rivermont Inn, Inc. v. Bass Hotels and Resorts, Inc., 113 S.W.3d 636, 640 (Ky. App. 2003) with In re Rembert, 141 F.3d 277 (6th Cir. 1998).  The standard of proof to find fraud under Kentucky law is by clear and convincing evidence. Pezzarossi v. Nutt,

392 S.W.3d 417, 419 (Ky. App. 2012). In a § 523(a)(2)(A) action, the standard of proof is a lower preponderance of the evidence standard. Grogan v. Garner, 498 U.S. 279 (1991). In Grogan, the Supreme Court explained:

> A final consideration supporting our conclusion that the preponderance standard is the proper one is that, as we explained in Part I, *supra*, application of that standard will permit exception from discharge of all fraud claims creditors have successfully reduced to Judgment.

Id. at 290. As pointed out in Plaintiff's Motion, there is simply nothing left to try in this case. [Motion, p. 3]. Defendant's attempt to recharacterize the state court judgment as one grounded in conversion rather than fraud is not supported by the judgment or the state court record.

The Motion [Doc. 6] shall be GRANTED. An order in conformity herewith shall be entered.

2

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Monday, February 24, 2014
(tnw)**